Laws 1897, c. 417, § 3, and Laws 1893, c. 452, authorizing a beneficiary of the income of personalty on coming into the remainder to release the income and merge the trust estate in the remainder, do not apply to remainder-men under a trust created for the benefit of two other persons, which is to last until the death of the survivor, where the remainder-men have been declared entitled during the life of the survivor to the undisposed-of income of the one who died.

In the matter of the judicial settlement of the accounts of John A. Rutherford and another, trustees under the will of Alfred G. Myers, deceased. Decree rendered.

See 63 N. Y. Supp. 939..

Hoadly, Lauterbach & Johnson, for petitioners.

Foster & Thomson, for trustees.

FITZGERALD, S. The testator gave his personal property to his executors in trust to collect, invest, and reinvest the same, and pay the income thereof in equal shares to his sisters, Matilda and Louisa Myers; and he directed upon the death of the last survivor of his sisters that one-half of the principal of his estate be given to his partner, John C. Rutherford, and the other one-half to be given to William M. Rutherford. Louisa Myers is still living. Matilda, her sister, died about two years after the testator. John C. Rutherford and William M. Rutherford were adjudged in an action in the supreme court entitled to receive during the lifetime of Louisa the one-half income which remained undisposed of by the death of her sister; and they now claim, by reason of their being entitled to such income in addition to the remainder in the capital held by them, that they have acquired an absolute title to the one-half of such capital, and are entitled to the immediate possession of the same. This claim is based upon the supposed effect of the statutes enabling the beneficiary of the income of a trust fund who has acquired the remainder therein to abrogate the trust and become possessed of the fund. Laws 1897, c. 417, § 3; Laws 1893, c. 452. These statutes, in referring to the person entitled to the income of a trust estate, have reference to and relate solely, it seems to me, to one who is so entitled by virtue of the terms of the instrument creating the trust. Here the claimants are not so entitled, but have succeeded to one-half the income of the trust estate accruing since the death of the beneficiary who had previously enjoyed it, by reason of its not having been disposed of intermediate her death and that of her sister. An interest in incomes so acquired is not, in my judgment, such an interest as the statutes referred to have in contemplation, or as would entitle its possessor to invoke the benefit of their provisions. If, however, the statutes mentioned are to be taken as applicable in the present case, it is not entirely clear that the right vested at the time of their enactment in the survivor of the sisters to receive one-half of the income of the entire trust estate and compel the execution of the trust, although the legal and equitable title of the estate was in the trustees, was not such a property interest as would preclude the trustees or the legislature, without the consent of the beneficiary, from releasing from the trust any part of the property which in its entirety was devoted to the production of the income. The application to do so is, for the reasons stated, denied. The value of counsel's services to the trustees in procuring the resignation of one of their number not having been agreed upon, reference back to the referee for further evidence will be necessary.

Decreed accordingly.